**IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF
PENNSYLVANIA**

| | |
|---|---|
| WORKERS UNITED, | Civil Action No. |
| Plaintiff, | |
| v. | |
| STARBUCKS CORPORATION, | **Jury Demand** |
| Defendant. | |

## COMPLAINT

1.      This is a civil action brought by Plaintiff Workers United seeking declaratory judgment against Defendant Starbucks Corporation. Workers United is a labor union. For nearly five years, it has supported Starbucks workers in their campaign for union representation. As part of this unionization campaign, Workers United has used the words "Starbucks Workers United" and a logo containing those words. Plaintiff now seeks a declaratory judgment that it may continue to use the words and logo, notwithstanding the assertion by Starbucks Corporation that such use constitutes trademark infringement.

## JURISDICTION AND VENUE

2.      Plaintiff seeks a declaration of its rights, pursuant to 28 U.S.C. § 2201(a) and 2202. This Court has jurisdiction over the non-infringement pursuant to 28 U.S.C. §§ 1331 and 1338(a) because this action arises under the trademark laws of the United States, 15 U.S.C. § 1051 et seq.

**THE PARTIES**

3.      Plaintiff Workers United is a union representing tens of thousands of workers from thousands of employers across numerous industries, including over 12,000 Starbucks workers from approximately 650 stores across the United States. Workers United is headquartered in Philadelphia, Pennsylvania.

4.      Defendant Starbucks Corporation is a Washington corporation with headquarters in Seattle, Washington. It is engaged in the retail operation of restaurants throughout the United States, including hundreds of stores in Pennsylvania, with some 50 stores in the Philadelphia area alone.

5.      Starbucks is registered to do business in Pennsylvania as a Foreign Business Corporation. It has therefore consented to jurisdiction in Pennsylvania on any cause of action.

6.      Venue is proper because Defendant Starbucks conducts systematic, continuous, and regular business in this District and because a substantial part of the events giving rise to the claim occurred in the Eastern District of Pennsylvania, where Workers United is headquartered.

**FACTUAL ALLEGATIONS**

**Starbucks Workers United**

7.      Workers United is a labor union successor of several earlier-established unions, most notably including the ACWA (Amalgamated Clothing Workers of America), ILGWU (International Ladies Garment Workers Union), TWUA (Textile Workers Union of America), and UNITE! (Union of Needletrades, Industrial and Textile Employees), which have a history going back 120 years. In 2009, it became affiliated with SEIU and has used the name "Workers United" since that year.

8.      The phrase "workers united" draws on a rich history in the labor movement.

9.      Other labor unions have frequently used variations of the term "workers united" or "united workers." For example:

   a.  United Mine Workers of America, one of the oldest labor unions in the country, has used that name since 1890.

   b.  United Auto Workers, one of the most well-known labor unions, has used that name since 1935.[1]

   c.  United Steelworkers has used its name since 1942.[2]

   d.  United Food and Commercial Workers International Union was founded in 1979.[3]

   e.  National Nurses United is one of the leading unions of nurses, with more than 225,000 members.[4]

   f.  Cultural Workers United is a union of employees at museums, libraries, and zoos, representing more than 35,000 employees.[5]

10.     Other labor unions have specifically incorporated the employer's name in titles that include the words "Workers United" or "United."  For example:

   a.  TMobile Workers United is a union of TMobile employees.[6]

   b.  Half Price Books Workers United is a union of employees at Half Price Books.[7]

   c.  DHL Workers United is a campaign to improve conditions for employees of DHL in Kentucky and Ohio.[8]

---

[1]    https://uaw.org/members/uaw-through-the-decades/
[2]    https://usw.org/about/#our-history
[3]    https://www.ufcw.org/about/our-history/
[4]    https://www.nationalnursesunited.org/about
[5]    https://www.culturalworkersunited.org/
[6]    https://tmobileworkersunited.org/about-us-0
[7]    https://www.ufcw.org/actions/campaign/half-price-books-workers-united/
[8]    https://teamster.org/dhlworkersunited/

3

d. Medieval Times Performers United is a union of workers at Medieval Times.[9]

11. In addition, many other labor unions incorporate the employer's name:

a. Amazon Labor Union is a union of Amazon workers.[10]

b. The National Football League Players Association is a union of NFL players. The unions for NBA, MLB, and NHL players have similar names.[11]

c. The Southwest Airline Pilots Association is a union of pilots at Southwest.[12]

d. The MSNBC Union is a union of workers at MSNBC.[13]

e. The Coalition of American Red Cross Unions is a coalition of unions that represent employees of the American Red Cross.[14]

12. In 2021, Starbucks employees in Buffalo, New York, began organizing a union with the support of Workers United.

13. In 2021, the organizing campaign began to use "Starbucks Workers United" (SBWU) as a name and slogan for the campaign.

14. The campaign also began to use a logo showing the words "Starbucks Workers United" in a circle around a clenched fist holding a cup.

15. The name and logo can be seen on the Starbucks Workers United website at https://sbworkersunited.org/. A screenshot of that webpage as of April 3, 2026, is attached as Exhibit 1.

---

[9] https://www.mtunited.org/
[10] https://www.amazonlaborunion.org/
[11] https://nflpa.com/
[12] https://www.swapa.org/
[13] https://www.msnbcunion.org/
[14] https://afscmestaff.org/sectors/health-care-workers/coalition-of-american-red-cross-unions

4

16.    The slogan "Starbucks Workers United" incorporates the name "Workers United" and draws on the long history of similar union names described above, while also using the phrase "Starbucks workers" to identify the employees who make up the union.

17.    The slogan further expresses the aspiration that Starbucks workers will unite as part of the union.

18.    Over the past five years, employees have voted to unionize at approximately 650 Starbucks stores, certifying Workers United or its affiliated Joint Boards as their bargaining representative.

19.    Workers have succeeded in unionizing despite Starbucks' unprecedented anti-union campaign. As of this date, the National Labor Relations Board (NLRB) or its Administrative Law Judges (ALJs) have found that Starbucks has committed more than 400 violations of the National Labor Relations Act (NLRA).

20.    As reflected in the decisions of NLRB judges, Starbucks has used threats, surveillance, and various other forms of coercion to prevent and reverse unionization at its stores. As of this date, NLRB ALJs have found that the company has fired over 60 employees for engaging in Union activities, refused to provide increased wages and benefits to unionized stores, unilaterally imposed stricter policies against unionized stores, all the while refusing to bargain in good faith for a first contract. A recent decision by an NLRB ALJ found that Starbucks has engaged in "egregious and widespread misconduct demonstrating a general disregard for the employees' fundamental rights."

21.    Starbucks' anti-union campaign has also been the subject of a hearing before the United States Senate.

22.    In all that time, Workers United and Starbucks Workers United have maintained an identity that is clearly independent from that of Starbucks. Workers United and Starbucks Workers

5

United have been uniformly recognized as a distinct entity made up of Starbucks employees who are seeking to organize Starbucks workers and advocate for improvements to wages and working conditions at Starbucks.

23.    Workers United has no interest in engendering confusion between itself and the corporation whose workers it represents. Particularly given Starbucks' egregious anti-union campaign, Workers United does not want workers to fear that the Union is somehow controlled or sponsored by the company.

24.    Further, such entanglement between Starbucks and Workers United would violate the National Labor Relations Act. *See* 29 U.S.C. § 158(a)(2).

25.    Accordingly, SBWU clearly identifies itself as a distinct organization.

26.    For instance, the SBWU Bluesky page describes the Union as a "12,000+ workers fighting for a fair contract and a better Starbucks."

27.    The current pinned post on that account says states: "Together, we're demanding the pay, hours, staffing and protections baristas need to succeed—and it would only cost Starbucks less than one day's sales. Starbucks, it's time to land a union contract and move forward!"

28.    Another post on the Starbucks Workers United Bluesky account states, "BREAKING: Starbucks is closing stores (non-union & union) in Seattle. They told the public they would look to transfer impacted baristas to other stores… but they're doing the exact opposite. Now, workers across Seattle are walking out on ULP strike in solidarity. Do the right thing, Starbucks!"

29.    These statements make clear that the account is not speaking on behalf of Starbucks.

30.    No one would mistake these as statements of Starbucks Corporation.

31.    Similarly, the SBWU website describes the Union as a "a movement of Starbucks partners to win a real voice on the job and the support and protections we need to succeed."

32.    The name "Starbucks Workers United" itself prevents confusion by making clear that it is an organization of "workers."

33.    The SBWU logo uses original imagery of a worker clenching a fist around a cup, a reference to the raised fist that is a longstanding symbol of solidarity among workers and others.

**Starbucks threatens to sue Workers United for trademark infringement.**

34.    On October 13, 2023, Starbucks wrote a letter to Workers United demanding that Plaintiff "immediately cease and desist using the Starbucks name, logos, and other intellectual property, and variants of those, to identify your organization."

35.    The letter further states: "Your organization's use of the Starbucks name, logos, and branding as part of your organization's identity misleads the public to erroneously associate the organization's stated positions with Starbucks."

36.    Although the October 13 letter did not identify any legal cause of action, based on these demands, Plaintiff understood Defendant to be threatening a lawsuit for trademark infringement.

37.    In the October 13 letter, Defendant claimed that consumers had made complaints to the company.

38.    Plaintiff responded to the October 13 letter on October 17, pointing out that Defendant had offered no evidence of any confusion.

39.    Within hours of receiving Plaintiff's October 17 letter, Defendant sent a message to its entire workforce stating that "some people" are confusing alleged statements of Workers

United for statements by Starbucks Corporation. Again, the message did not identify a single instance of confusion.

40.     In that same message, Defendant stated that it "will file litigation against the union in federal court, and we intend to pursue all legal options."

41.     Starbucks followed through on that threat. On October 18, 2023, Starbucks filed a lawsuit against Service Employees International Union (SEIU), which it characterized as "doing business as" Workers United and Starbucks Workers United, in the Southern District of Iowa, for trademark infringement, among other causes of action.

42.     That same day, Workers United filed a lawsuit seeking a declaratory judgment of non-infringement, due to Starbucks' threats of litigation.

43.     Apparently recognizing that SEIU was an improper defendant and that Workers United is not a "dba" of SEIU, Starbucks filed an amended complaint omitting SEIU and naming Workers United as a defendant on November 10, 2023.

44.     Following mediation and settlement negotiations, on January 31, 2025, both parties dismissed their lawsuits without prejudice.

45.     However, since that time, settlement negotiations have ceased and the parties never entered into a settlement agreement as to Starbucks' claims of trademark infringement.

## COUNT ONE
### (Declaratory Judgment of Non-Infringement of Trademarks)

46.     Plaintiff incorporates each of the factual allegations from the above paragraphs.

47.     Defendant has claimed that Plaintiff's use of the name and slogan "Starbucks Workers United" and related logo constitutes trademark infringement and has threatened to and previously did bring a lawsuit against Plaintiff on this basis.

8

48.    An actual, present, and justiciable controversy has arisen between Plaintiff and Defendant concerning Plaintiff's right to use the name Starbucks Workers United and the affiliated logo.

49.    Plaintiff seeks declaratory judgment from this Court that its use of the Starbucks Workers United name and logo does not constitute trademark infringement, or any other related claim with respect to Defendant's name and logo.

## PRAYERS FOR RELIEF

WHEREFORE, Plaintiff prays that this Court:

a)    Enter judgment according to the declaratory relief sought;

b)    Grant any such other relief as the Court deems just and proper.

## REQUEST FOR A TRIAL BY JURY

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Respectfully submitted,

/s/ Raymond M. Sarola
Raymond M. Sarola (PA Bar No. 318164)
Cohen Milstein Sellers & Toll PLLC
Two Logan Square
100-120 N. 18th Street, Suite 1820
Philadelphia, PA 19103
(267) 479-5706
rsarola@cohenmilstein.com

Joseph M. Sellers
Cohen Milstein Sellers & Toll PLLC
1100 New York Avenue, NW
Suite 800
Washington, DC 20005
(202) 408-4600
jsellers@cohenmilstein.com
*Application and Motion for Pro Hac Vice Admission to be Filed*

9

Daniel M. Rosenthal
Elizabeth Grdina
Charlotte H. Schwartz
James & Hoffman, P.C.
1629 K Street NW, Suite 1050
Washington, DC 20006
(202) 496-0500
(202) 496-0555 facsimile
dmrosenthal@jamhoff.com
bgrdina@jamhoff.com
chschwartz@jamhoff.com
*Applications and Motions for Pro Hac Vice
Admission to be Filed*

Mary Joyce Carlson
1629 K Street NW, Suite 1050
Washington, DC 20006
(202) 230-4096
carlsonmjj@yahoo.com
*Application and Motion for Pro Hac Vice
Admission to be Filed*

*Attorneys for Plaintiff Workers United*

Dated: April 3, 2026