**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF**
**PENNSYLVANIA**

| | |
|---|---|
| WORKERS UNITED,<br><br>Plaintiff,<br><br>v.<br><br>STARBUCKS CORPORATION,<br><br>Defendant. | Civil Action No. 2:26-cv-02202-MMB<br><br>**Jury Demand** |

**FIRST AMENDED COMPLAINT**

1. This is a civil action brought by Plaintiff Workers United ("Workers United" or "Union") seeking declaratory judgment against Defendant Starbucks Corporation ("Starbucks"). Workers United is a labor union. For nearly five years, it has supported Starbucks workers in their campaign for union representation. As part of this unionization campaign, Workers United has used the words "Starbucks Workers United" and a logo containing those words. Plaintiff now seeks a declaratory judgment that it may continue to use those words and the logo, notwithstanding the assertion by Starbucks Corporation that such use constitutes trademark infringement.

**JURISDICTION AND VENUE**

2. Plaintiff seeks a declaration of its rights, pursuant to 28 U.S.C. § 2201(a) and 2202. This Court has jurisdiction over the non-infringement pursuant to 28 U.S.C. §§ 1331 and

1338(a) because this action arises under the trademark laws of the United States, 15 U.S.C. § 1051 et seq.

## THE PARTIES

3. Plaintiff Workers United is a union representing tens of thousands of workers from thousands of employers across numerous industries, including over 12,000 Starbucks workers from approximately 650 stores across the United States. Workers United is headquartered in Philadelphia, Pennsylvania.

4. Defendant Starbucks Corporation is a Washington corporation with headquarters in Seattle, Washington. It is engaged in the retail operation of restaurants throughout the United States, including hundreds of stores in Pennsylvania, with some 50 stores in the Philadelphia area alone.

5. Starbucks is registered to do business in Pennsylvania as a Foreign Business Corporation. It has therefore consented to jurisdiction in Pennsylvania on any cause of action.

6. Venue is proper because Defendant Starbucks conducts systematic, continuous, and regular business in this District and because a substantial part of the events giving rise to the claim occurred in the Eastern District of Pennsylvania, where Workers United is headquartered.

## FACTUAL ALLEGATIONS

### Starbucks Workers United

7. Workers United is a labor union successor of several earlier-established unions, most notably including the ACWA (Amalgamated Clothing Workers of America), ILGWU (International Ladies Garment Workers Union), TWUA (Textile Workers Union of America), and UNITE! (Union of Needletrades, Industrial and Textile Employees), which have a history

going back 120 years. In 2009, it became affiliated with the Service Employees International Union (SEIU) and has used the name "Workers United" since that year.

8. The phrase "workers united" draws on a rich history in the labor movement.

9. Other labor unions have frequently used variations of the term "workers united" or "united workers." For example:

a. United Mine Workers of America, one of the oldest labor unions in the country, has used that name since 1890.

b. United Auto Workers, one of the most well-known labor unions, has used that name since 1935.[1]

c. United Steelworkers has used its name since 1942.[2]

d. United Food and Commercial Workers International Union was founded in 1979.[3]

e. National Nurses United is one of the leading unions of nurses, with more than 225,000 members.[4]

f. Cultural Workers United is a union of employees at museums, libraries, and zoos, representing more than 35,000 employees.[5]

10. Other labor unions have specifically incorporated the employer's name in titles that include the words "Workers United" or "United." For example:

a. TMobile Workers United is a union of TMobile employees.[6]

b. Half Price Books Workers United is a union of employees at Half Price Books.[7]

---

1 https://uaw.org/members/uaw-through-the-decades/
2 https://usw.org/about/#our-history
3 https://www.ufcw.org/about/our-history/
4 https://www.nationalnursesunited.org/about
5 https://www.culturalworkersunited.org/
6 https://tmobileworkersunited.org/about-us-0
7 https://www.ufcw.org/actions/campaign/half-price-books-workers-united/

c. DHL Workers United is a campaign to improve conditions for employees of DHL in Kentucky and Ohio.[8]

d. Medieval Times Performers United is a union of workers at Medieval Times.[9]

11. In addition, many other labor unions incorporate the employer's name:

a. Amazon Labor Union is a union of Amazon workers.[10]

b. The National Football League Players Association is a union of NFL players. The unions for NBA, MLB, and NHL players have similar names.[11]

c. The Southwest Airline Pilots Association is a union of pilots at Southwest.[12]

d. The Washington Post Guild is a union of employees at the Washington Post.[13]

e. The MSNBC Union is a union of workers at MSNBC.[14]

f. The Coalition of American Red Cross Unions is a coalition of unions that represent employees of the American Red Cross.[15]

12. In 2021, Starbucks employees in Buffalo, New York, began organizing a union with the support of Workers United.

13. In 2021, the organizing campaign began to use "Starbucks Workers United" (SBWU) as a name and slogan for the campaign.

14. The campaign also began to use a logo showing the words "Starbucks Workers United" in a circle around a clenched fist holding a cup (the "raised-fist logo").

---

8 https://teamster.org/dhlworkersunited/
9 https://www.mtunited.org/
10 https://www.amazonlaborunion.org/
11 https://nflpa.com/
12 https://www.swapa.org/
13 https://postguild.org/contract/
14 https://www.msnbcunion.org/
15 https://afscmestaff.org/sectors/health-care-workers/coalition-of-american-red-cross-unions

15. The name and logo can be seen on the Starbucks Workers United website at https://sbworkersunited.org/. Below is a sample screenshot from the website:




16. Workers United also uses the "Starbucks Workers United" phrase and logo on social media accounts. For example, below are screenshots of the Starbucks Workers United Instagram account page and a post by the Starbucks Workers United account on X.com.

**sbworkersunited**

Starbucks Workers United

**1,328** posts **118K** followers **829** following

Labor Union
Worker-led union of Starbucks Partners coming together to create a better workplace for all ☕ ✊
PARTNERS: Reach out thru text/email at the link below 👇

**Starbucks Workers United**
@SBWorkersUnited

🚨STARBUCKS WORKERS JUST WON THEIR 700TH UNION ELECTION!!

A huge congratulations to baristas around the country who are taking on corporate greed and fighting for a better workplace.

We make change when we take action! ✊🔥

17. Workers United also uses the "Starbucks Workers United" phrase and logo in connection with strikes and protests, as shown below:




18. Workers United also sells pro-union merchandise with the "Starbucks Workers United" phrase and logo to raise awareness of and generate funding for the organizing campaign, an example of which is shown below:



19. The slogan “Starbucks Workers United” incorporates the name “Workers United” and draws on the long history of similar union names described above, while also using the phrase “Starbucks workers” to identify the employees who make up the union.

20. The slogan further expresses the aspiration that Starbucks workers will unite as part of the union.

21. Over the past five years, employees have voted to unionize at approximately 700 Starbucks stores, certifying Workers United or its affiliated Joint Boards as their bargaining representative.

22. Workers have succeeded in unionizing despite Starbucks’ anti-union campaign, which had led to ninety-three decisions from administrative law judges at the National Labor Relations Board (NLRB) finding that that Starbucks violated the law, and thirty-three such decisions from the NLRB itself. These decisions have found that Starbucks has used threats, surveillance, and various other forms of coercion to try to prevent unionization at its stores or to retaliate against workers who support the Union.

23. In one decision, taking note of the “severity and pervasiveness of the Respondent’s violations,” the NLRB held, among other things, that Starbucks engaged in “widespread or egregious misconduct demonstrating a general disregard for the employees’ . . . rights.”[16] Another decision by an NLRB administrative law judge (ALJ) found that Starbucks “has engaged in a scorched earth campaign and pattern of misconduct in response to union organizing at its stores across the United States. I take notice that despite several Board orders and dozens of ALJ decisions, Respondent's behavior continues unabated.”[17]

---

[16] *Starbucks Corp.*, 374 NLRB No. 10 (2024), slip op. at 14-15, appeal docketed, No. 24-60650 (5th Cir. December 26, 2024).

[17] *Starbucks Corp.*, JD-80-25, 18-CA-295458, slip op. at 30 (2025).

24. Workers United, using the “Starbucks Workers United” slogan and logo, has maintained an identity that is clearly independent from that of Starbucks—as a distinct entity made up of Starbucks employees who are seeking to unionize Starbucks and advocate for improvements to wages and working conditions at Starbucks.

25. The “Starbucks Workers United” slogan and logo are immediately distinguishable from Starbucks’ name and logo because of the prominent alterations making clear that Workers’ United is a labor union, as can be observed by examining the two logos side by side with each other.

26. Workers United has no interest in engendering confusion between itself and the corporation whose workers it represents. Particularly given Starbucks’ egregious anti-union campaign, Workers United does not want workers to fear that the Union is somehow controlled or sponsored by the company.

27. Further, such entanglement between Starbucks and Workers United would violate the National Labor Relations Act. *See* 29 U.S.C. § 158(a)(2).

28. Accordingly, communications using the “Starbucks Workers United” phrase and logo clearly identify the Union as a distinct entity from Starbucks Corporation.

29. For instance, the SBWU Bluesky page describes the Union as a “12,000+ workers fighting for a fair contract and a better Starbucks” (Ex. A).

30. That account has posted content such as: “Together, we’re demanding the pay, hours, staffing and protections baristas need to succeed—and it would only cost Starbucks less than one day’s sales. Starbucks, it’s time to land a union contract and move forward!” (Ex. B).

31. Another post on the Starbucks Workers United Bluesky account states, “BREAKING: Starbucks is closing stores (non-union & union) in Seattle. They told the public they would look to transfer impacted baristas to other stores . . . but they’re doing the exact

opposite. Now, workers across Seattle are walking out on ULP strike in solidarity. Do the right thing, Starbucks!" (Ex. C).

32. These statements make clear that the account is not speaking on behalf of Starbucks.

33. Reasonable consumers would not mistake these or other communications from Workers United as statements of Starbucks Corporation.

34. Similarly, the SBWU website describes the Union as a "a movement of Starbucks partners to win a real voice on the job and the support and protections we need to succeed."

35. The name "Starbucks Workers United" itself prevents confusion by making clear that it is an organization of "workers."

36. The SBWU raised-fist logo uses original imagery of a worker clenching a fist around a cup, a reference to the raised fist that is a longstanding symbol of solidarity among workers and others.

**Starbucks threatens to sue Workers United for trademark infringement and follows through on its threat**

37. On October 13, 2023, Starbucks wrote a letter to Workers United demanding that it "immediately cease and desist using the Starbucks name, logos, and other intellectual property, and variants of those, to identify your organization." (Ex. D).

38. The letter further states: "Your organization's use of the Starbucks name, logos, and branding as part of your organization's identity misleads the public to erroneously associate the organization's stated positions with Starbucks."

39. Workers United understood the letter to be asserting that it was infringing on the Company's trademarks and copyrights by using the phrase "Starbucks Workers United" and the SBWU raised-fist logo featured on its website and social media accounts.

40. The letter stated that, if the matter was not "resolved immediately," Starbucks would "seek all appropriate legal relief, including without limitation monetary damages."

41. Workers United responded to the letter on October 17, 2023. In its response, Workers United explained why it had not engaged in trademark infringement. (Ex. E).

42. Within hours of receiving Workers United's October 17 letter, Starbucks sent a message to its entire workforce stating it "will file litigation against the union in federal court, and we intend to pursue all legal options."

43. Starbucks followed through on that threat. On October 18, 2023, Starbucks filed a lawsuit against SEIU, which it characterized as "doing business as" Workers United and Starbucks Workers United, in the Southern District of Iowa. Starbucks also sued a defendant it referred to as "Iowa City Starbucks Workers United."

44. Starbucks's lawsuit in Iowa asserted seven causes of action for copyright infringement, trademark infringement, and trademark dilution, arising from use of the phrase "Starbucks Workers United" and the raised-fist logo. The lawsuit sought millions of dollars in damages.

45. On November 10, 2023, Starbucks amended its complaint in Iowa. Among other things, the amended complaint removed SEIU as a defendant, named Workers United as a defendant, and added two additional claims.

46. On the same day that Starbucks's original complaint was filed, October 18, 2023, Workers United filed a lawsuit seeking a declaratory judgment of non-infringement, due to Starbucks' threats of litigation.

47. Workers United's lawsuit was not filed in response to Starbucks's lawsuit; rather, Workers United decided to file the suit before it learned of Starbucks's suit.

48. In 2024, 2025, and 2026, Starbucks and Workers United met on many occasions to discuss a global resolution of their disputes and a collective bargaining agreement. Those discussions have sometimes included discussion of Starbucks's allegations of trademark and copyright infringement.

49. On January 31, 2025, both parties dismissed their lawsuits without prejudice in order to provide time to explore whether the dispute could be resolved without litigation.

50. For some of the above period, the parties' negotiations took place in accordance with a Memorandum of Understanding (MOU) that temporarily governed various aspects of their relationship. Workers United has continuously used the "Starbucks Workers United" phrase and logo while the MOU was in effect, and Starbucks has never asserted that the MOU prohibits such use.

51. From October 2023 to present, Starbucks has continuously maintained its position that the Union's use of the "Starbucks Workers United" phrase and raised-fist logo, including on its website and social media accounts as shown above, infringe on Starbucks's trademarks and copyrights and subjects Workers United to monetary liability.

52. Starbucks has never communicated to Workers United that it has abandoned the argument expressed in its letter and lawsuit in October 2023 that the Union's use of the "Starbucks Workers United" phrase and raised-fist logo, including on its website and social media accounts as shown above, infringe on Starbucks's trademarks and copyrights and subjects Workers United to monetary liability.

53. Since October 2023, Workers United has never stopped using the phrase "Starbucks Workers United" or the raised-fist logo. The phrase and logo have remained prominently featured on the Starbucks Workers United website and social media accounts.

54. Accordingly, on each day since October 2023, Workers United has engaged in conduct that, according to Starbucks, infringes on the company's intellectual property and subject Workers United to monetary damages.

55. Despite the negotiations referenced above, the parties have been unable to reach a collective bargaining agreement, nor a resolution of the copyright and trademark issues.

56. Workers United filed this suit in April 2026 to ensure that the trademark infringement issues would ultimately be resolved, whether or not the parties could reach a mutually-agreeable settlement.

57. On June 18, 2026, Starbucks once again filed suit against Workers United in Iowa, raising claims of copyright infringement, trademark infringement, and dilution, arising from use of the phrase "Starbucks Workers United" and raised-first logo. As in its prior lawsuit, Starbucks seeks millions of dollars in damages from Workers United.

58. Nothing changed with respect to the parties' copyright and trademark dispute between April 3, 2026, when Workers United filed this lawsuit, and June 18, 2026, when Starbucks filed its lawsuit in Iowa. During that time, neither party communicated to the other that it had changed its position with respect to the Union's use of the "Starbucks Workers United" phrase and raised-fist logo.

**COUNT ONE**
**(Declaratory Judgment of Non-Infringement of Trademarks)**

59. Plaintiff incorporates each of the factual allegations from the above paragraphs.

60. Defendant has claimed that Plaintiff's use of the name and slogan "Starbucks Workers United" and related logo constitutes trademark infringement and has threatened to and previously did bring a lawsuit against Plaintiff on this basis.

61. An actual, present, and justiciable controversy has arisen between Plaintiff and Defendant concerning Plaintiff's right to use the name Starbucks Workers United and the raised-fist logo.

62. Plaintiff's use of the Starbucks Workers United name and raised-fist logo does not constitute trademark infringement. Further, Plaintiff's use of the Starbucks Workers United name and raised-fist logo is protected by the National Labor Relations Act and the First Amendment of the U.S. Constitution.

63. Plaintiff seeks declaratory judgment from this Court that its use of the Starbucks Workers United name and raised-fist logo does not constitute trademark infringement, and does not give rise to any other related claim with respect to Defendant's name and logo.

**COUNT TWO**
**(Declaratory Judgment of Non-Dilution of Trademarks)**

64. Plaintiff incorporates each of the factual allegations from the above paragraphs.

65. Defendant has claimed that Plaintiff's use of the name and slogan "Starbucks Workers United" and related logo constitutes trademark dilution and has threatened to and previously did bring a lawsuit against Plaintiff on this basis.

66. An actual, present, and justiciable controversy has arisen between Plaintiff and Defendant concerning Plaintiff's right to use the name Starbucks Workers United and the raised-fist logo.

67. Plaintiff's use of the Starbucks Workers United name and raised-fist logo does not constitute trademark dilution. Further, use of the Starbucks Workers United name and raised-fist logo is protected by the National Labor Relations Act and the First Amendment of the U.S. Constitution. Application of the trademark dilution doctrine to the uses in question would violate the First Amendment.

68. Plaintiff seeks declaratory judgment from this Court that its use of the Starbucks Workers United name and raised-fist logo does not constitute trademark dilution, and does not give rise to any other related claim with respect to Defendant's name and logo.

**COUNT THREE**
**(Declaratory Judgment of Non-Infringement of Copyrights)**

69. Plaintiff incorporates each of the factual allegations from the above paragraphs.

70. Defendant has claimed that Plaintiff's use of the raised-fist logo constitutes copyright infringement and has threatened to and previously did bring a lawsuit against Plaintiff on this basis.

71. An actual, present, and justiciable controversy has arisen between Plaintiff and Defendant concerning Plaintiff's right to use the raised-fist logo.

72. Plaintiff's use of the raised-fist logo does not constitute copyright infringement.

73. Further, to the extent there is substantial similarity of protectable expression, Plaintiffs' use of the raised-fist logo constitutes fair use.

74. Given the prohibition on employer-controlled unions, the Union's use does not interfere with a legitimate licensing market for Starbucks.

75. Plaintiff's use of the raised-fist logo is also protected by the National Labor Relations Act and the First Amendment of the U.S. Constitution.

76. Plaintiff seeks declaratory judgment from this Court that its use of the raised-fist logo does not constitute copyright infringement, and does not give rise to any other related claim.

**PRAYERS FOR RELIEF**

WHEREFORE, Plaintiff prays that this Court:

a) Enter judgment according to the declaratory relief sought;

b) Grant any such other relief as the Court deems just and proper.

**REQUEST FOR A TRIAL BY JURY**

Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiff hereby demands a trial by jury.

Respectfully submitted,

/s/ Daniel M. Rosenthal
Daniel M. Rosenthal*
Elizabeth Grdina*
James & Hoffman, P.C.
1629 K Street NW, Suite 1050
Washington, DC 20006
(202) 496-0500
(202) 496-0555 facsimile
dmrosenthal@jamhoff.com
bgrdina@jamhoff.com

Raymond M. Sarola (PA Bar No. 318164)
Cohen Milstein Sellers & Toll LLP
Two Logan Square
100-120 N. 18th Street, Suite 1820
Philadelphia, PA 19103
(267) 479-5706
rsarola@cohenmilstein.com

Joseph M. Sellers*
Cohen Milstein Sellers & Toll LLP
1100 New York Avenue, NW
Suite 800
Washington, DC 20005
(202) 408-4600
jsellers@cohenmmilstein.com

Mary Joyce Carlson
1629 K Street NW, Suite 1050
Washington, DC 20006
(202) 230-4096
carlsonmjj@yahoo.com
*Application and Motion for Pro Hac Vice Admission to be Filed*

**Admitted Pro Hac Vice*

Dated: July 6, 2026

*Attorneys for Plaintiff Workers United*