**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF PENNSYLVANIA**

| | |
|---|---|
| **WORKERS UNITED,**<br>*Plaintiff,*<br><br>**v.**<br><br>**STARBUCKS CORPORATION,**<br>*Defendant.* | **CIVIL ACTION**<br><br>**NO. 26-2202** |

**MEMORANDUM RE: DEFENDANT'S MOTION TO DISMISS**

**BAYLSON, J.** **October 2, 2026**

## I. INTRODUCTION

Plaintiff Workers United brings three counts of declaratory judgment against Defendant Starbucks Corporation: non-infringement of trademarks, non-dilution of trademarks, and non-infringement of copyrights. ECF 26, First Amended Complaint ("FAC"). Before the Court is Defendant's Motion to Dismiss pursuant to Federal Rule of Civil Procedure 12(b)(1) or, alternatively, to transfer or stay.[1] ECF 29 ("Motion" or "Mot"). It its Motion, Defendant argues that the court lacks subject matter jurisdiction, or in the alternative, that it should decline declaratory judgment jurisdiction or dismiss under the first-filed rule. For the following reasons, the Motion is **DENIED**.

## II. FACTUAL ALLEGATIONS AND PROCEDURAL HISTORY

Plaintiff is a labor union representing over 12,000 Starbucks workers across the United States. FAC ¶¶ 1, 3. Defendant is a corporation engaged in the retail operation of restaurants throughout the United States. Id. ¶ 4.

[1] Although the caption requests, in the alternative, transfer or a stay, Defendant provides no meaningful argument identifying the legal authority for either remedy or applying the relevant standards to the facts of this case.

The parties' dispute centers on Plaintiff's use of the Starbucks name and a variant of its logo. In 2021, Workers United began using the name "Starbucks Workers United" for its organizing campaign. Id. ¶ 13. Sometime thereafter, Plaintiff also began using a logo with those words in a circle around a clenched fist holding a cup (the "raised-fist logo" or "Logo"):




Id. ¶¶ 14, 16.

Plaintiff displays the phrase and Logo on its website and social media sites and uses it in connection with strikes, protests, and merchandizing. Id. ¶¶ 15–18.

On October 13, 2023, Starbucks sent a letter to Workers United demanding that it "immediately cease and desist using the Starbucks name, logos, and other intellectual property." Id. ¶ 37. The letter threatened to "seek all appropriate legal relief, including without limitation monetary damages" if the matter was left unresolved. Id., Ex. D. Workers United understood the letter to be asserting that its use of the "Starbucks Workers United" phrase and Logo on its website and social media accounts infringed Defendant's trademarks and copyrights. Id. ¶ 39. On October 17, 2023, Workers United replied, arguing that it had not engaged in trademark infringement. Id. ¶ 41. The next day, on October 18, 2023, Starbucks filed suit against SEIU[2] in the Southern District of Iowa asserting seven causes of action for copyright infringement, trademark infringement, and trademark dilution, arising from the use of the phrase and Logo. Id. ¶ 43–44.

[2] Service Employees International Union, which became affiliated with Workers United in 2009 and has used the Workers United name since that time. FAC ¶ 7. On November 10, 2023, Starbucks amended its complaint, naming Workers United as a defendant. FAC ¶ 45.

On the same day, Workers United sued Starbucks in the Eastern District of Pennsylvania, seeking a declaratory judgment of non-infringement. Id. ¶ 46.

In early 2024, after trading lawsuits, the parties began discussing a global resolution of their disputes. Id. ¶ 48. In pursuit of this goal, the parties entered into a Memorandum of Understanding ("MOU") on February 26, 2024, which features heavily in the parties' jurisdictional arguments.[3] Mot., Ex. 2.

The MOU provided that the parties would "continue discussions to reach a foundational framework . . . addressing the acceptable parameters for the Union's use of the Starbucks name, likeness and brand." Id. § 1(a). While these negotiations were ongoing, Workers United's use of Starbuck's name, likeness, and brand would be limited "solely to organizing efforts and related communications" and would not be misleading or disparaging. Id. § 1(b). If Starbucks believed a particular use violated those standards, it was required to notify Workers United immediately, and the parties would "immediately engage in dialogue on the issue." Id. § 1(e). An arbitrator would decide unresolved disputes. Id. § 1(e).

On January 31, 2025, both parties voluntarily dismissed their pending lawsuits without prejudice to facilitate negotiations. FAC ¶ 49. Although negotiations continued throughout 2025 and early 2026, the parties were unable to reach a collective bargaining agreement or resolution of the copyright and trademark issues. Id. ¶¶ 48, 55. On April 3, 2026, Workers United filed the pending declaratory judgment action before this Court.[4] Id. ¶ 56. On June 18, 2026, Starbucks sued Workers United in the Southern District of Iowa. Id. ¶ 57.

---

[3] Although not submitted as an exhibit to the FAC, both parties agree that the MOU is incorporated. See ECF 47 ("Opp.") at 4 n.1 ("the Memorandum of [Understanding] . . . is incorporated in Plaintiff's complaint"); ECF 51, 53 ("Reply") at 2 ("As evident from the face of the FAC and the MOU incorporated by reference").

[4] The parties differ in their characterization of the events preceding this lawsuit. Workers United presents it as the culmination of unsuccessful negotiations. FAC ¶ 55; Opp. at 5. Starbucks presents it as a bad-faith maneuver while negotiations were ongoing. According to Starbucks, Workers United filed this lawsuit two business days before

## III. PROCEDURAL HISTORY

Plaintiff filed the Original Complaint on April 3, 2026. ECF 1. On June 22, 2026, Defendant moved to dismiss, or alternatively to transfer or stay. ECF 8. On July 6, 2026, Plaintiff filed the operative First Amended Complaint. ECF 26. On July 20, 2026, Defendant moved to dismiss, or alternatively to transfer or stay. ECF 29. Plaintiff filed its Response in Opposition on August 17, 2026. ECF 47. On August 31, 2026, Defendant filed its Reply Brief. ECF 51, 53.

## IV. STANDARD OF REVIEW

In reviewing a Motion to Dismiss pursuant to Rule 12(b)(1), the Court must first determine "whether the movant presents a facial or factual attack." In re Schering-Plough Corp. Intron/Temodar Consumer Class Action, 678 F.3d 235, 243 (3d Cir. 2012). A facial attack "challenges subject matter jurisdiction without disputing the facts alleged in the complaint, and it requires the court to 'consider the allegations of the complaint as true.'" Davis v. Wells Fargo, 824 F.3d 333, 346 (3d Cir. 2016) (quoting Petruska v. Gannon Univ., 462 F.3d 294, 302 n.3 (3d Cir. 2006)). When the Court is considering a facial attack, the Court applies the same standard of review as when considering a motion to dismiss under Rule 12(b)(6). Delaware Riverkeeper Network v. United States Env't Prot. Agency, No. CV 20-3412, 2020 WL 7488962, at *3 (E.D. Pa. Dec. 18, 2020). By contrast, a factual challenge "attacks the factual allegations underlying the complaint's assertion of jurisdiction, either through the filing of an answer or otherwise presenting competing facts." Davis, 824 F.3d at 346 (quotations and alterations omitted). "In contrast to a facial challenge, a factual challenge allows a court to weigh and consider evidence outside the pleadings." Id. (quotations and alterations omitted). When a factual challenge is made, the

---

negotiations resumed on April 7, 2026, and waited until 56 days after filing to serve the Original Complaint. Opp. at 10.

plaintiff bears the burden of proving jurisdiction, and no presumptive truthfulness attaches to the plaintiff's allegations. Id.

"The Declaratory Judgment Act provides that, '[i]n a case of actual controversy within its jurisdiction . . . any court of the United States . . . may declare the rights and other legal relations of any interested party seeking such declaration, whether or not further relief is or could be sought.'" MedImmune, Inc. v. Genentech, Inc., 549 U.S. 118, 126 (2007) (quoting 28 U.S.C. § 2201(a)). Cases of "actual controversy" in the Declaratory Judgement Act refer to the types of "Cases" and "Controversies" that are justiciable under Article III. Id. An actual controversy requires a dispute that is "definite and concrete, touching the legal relations of parties having adverse legal interests"; "real and substantial"; and "admi[t] of specific relief through a decree of a conclusive character, as distinguished from an opinion advising what the law would be upon a hypothetical state of facts." Id. (internal quotation marks and citations omitted).

## V. PARTIES' CONTENTIONS ON SUBJECT MATTER JURISDICTION

The parties disagree on whether there was a case of actual controversy when Plaintiff filed this action on April 3, 2026. This dispute turns on the parties' characterization of events leading to the filing of this action and their understanding of the effect of the MOU.

### A. Defendant's Motion to Dismiss

Defendant argues there was no case of actual controversy when Plaintiff filed its Original Complaint because the "MOU had resolved the parties' disputes." Mot. at 13, 15. Although Plaintiff continued using the phrase and Logo since February 2024, Defendant argues this is uncontroversial because it did so pursuant to the interim restrictions established in the MOU. Id. 14–15. Starbucks took no action since the MOU—such as refusing to negotiate, asserting trademark infringement, or threatening further litigation—that would have triggered a controversy

sufficient to confer subject matter jurisdiction. Id. at 15. Because both parties had dismissed their lawsuits and the MOU "resolved the parties' disputes," there was no justiciable controversy when Plaintiff filed this action on April 3, 2026. Id. 14–15.

**B. Plaintiff's Response in Opposition**

Plaintiff contends that a live controversy has been ongoing since Starbucks threatened and filed litigation in 2023. Opp. at 9. Since that time, Workers United has continued to use the "Starbucks Workers United" phrase and Logo and claimed a right to do so, while Starbucks maintains such use violates its copyrights and trademarks. Id. at 1, 8. Although the MOU established certain general restrictions on Plaintiff's use of the Starbucks name, likeness, and brand, the MOU did not specifically prohibit the use of the "Starbucks Workers United" phrase or Logo. Id. at 11–12. It also did not protect Plaintiff from liability arising from that conduct—the MOU contained no covenant not to sue or another provision extinguishing the parties' claims. Id. As such, Plaintiff argues that the MOU did not resolve the parties' trademark and copyright dispute; it merely established a framework for attempting to do so. Id. at 13. Similarly, because Starbucks dismissed its Iowa action without prejudice, it was free to reassert its infringement suit at any time. Id. at 14–15.

**C. Defendant's Reply Brief**

In Reply, Defendant reiterates the extinguishing power of the MOU. Defendant argues that Plaintiff's continued use of the "Accused Marks"[5] does not establish a controversy, because that is what the parties agreed to in the MOU while their negotiations continued. Reply at 2. Because the MOU provided for Plaintiff to continue using the "Accused Marks" and for any

[5] Defendant begins using the capitalized term Accused Marks without definition in its Reply. That term does not appear in the Motion, MOU, or FAC. The Court presumes it refers to the "Starbucks Workers United" phrase and raised-fist logo.

disputes to be submitted to arbitration, this "resolved" all past, present, and future disputes thus eliminating a live controversy. Id. at 4. Defendant reiterates that Starbucks never "threatened any legal action concerning Plaintiff's past uses of the Accused Marks after the parties executed the MOU" and therefore there was no immediate controversy when Plaintiff filed its Original Complaint. Id. at 5. Defendant also argues that the possibility that negotiations might break down in the future is insufficient to establish jurisdiction. Id. at 5.

## V. DISCUSSION

### A. Defendant's Jurisdictional Attack is Most Fairly Characterized as Facial

Defendant does not explicitly construe its jurisdictional attack as facial or factual. In support of its Motion, Defendant submits the following exhibits: Exhibit B (Starbucks pending suit against Workers United in the Southern District of Iowa (26-54)) and Exhibit 2 (the parties' MOU). In its Opposition, Workers United argues that Starbucks' Motion is a facial attack because it "submitted no evidence with its motion, aside from a copy of the Memorandum of [Understanding], which is incorporated in Plaintiff's complaint." Opp. at 4 n.1. In its Reply, Starbucks does not directly challenge this characterization, but notes that if "the Court concludes that Starbucks has not provided sufficient evidence for the Court to determine [jurisdiction] . . . the Court should order limited jurisdictional discovery so that the parties can efficiently address that issue through an early motion for summary judgement on the threshold question of subject matter jurisdiction[.]" Reply at 8 n.7.

On the present record, the cleaner characterization is facial. Defendant principally argues that the allegations in the FAC and the undisputed text of the MOU fail, as a matter of law, to establish actual controversy. Defendant has not submitted evidence that materially disputes Plaintiff's jurisdictional allegations. While Defendant's footnote requesting "limited jurisdictional

discovery" presents some ambiguity, the Court construes it as a contingent procedural request—not a present assertion that Defendant has already presented a factual record sufficient to displace the FAC's allegations. Therefore, although Defendant does not characterize its challenge, the Court treats it as a facial.

**B. Plaintiff Has Plausibly Alleged a Case of Actual Controversy**

Accepting Plaintiff's allegations as true, Ballentine, 486 F.3d at 810, Plaintiff has the stronger position on the pleadings. The Article III question is whether, at filing, the facts showed "a substantial controversy, between the parties having adverse legal interest, of sufficient immediacy and reality" to warrant declaratory relief. MedImmune, Inc., 549 U.S. at 127. On the pleaded facts, Plaintiff alleges:

- In 2023, Defendant threatened and filed infringement litigation regarding the same phrase and Logo. FAC ¶ 37–43, Ex. D ("If [unresolved immediately], [Starbucks] will seek all appropriate legal relief, including without limitation monetary damages.").
- Plaintiff remains engaged in the allegedly infringing use. Id. ¶53.
- Plaintiff claims a right to continue that use. Id. ¶¶ 46, 50, 54.
- From October 2023 to present, Defendant has maintained that the use violates its trademarks and copyrights. Id. ¶ 51.
- Both prior suits were dismissed without prejudice, leaving Defendant free to assert infringement claims again. Id. ¶ 49.
- The MOU was not a settlement, release, covenant not to sue, or conclusive adjudication of rights. Instead, it established interim restrictions while the parties attempted to negotiate a resolution. Id. ¶¶ 48, 50; ECF 29-2.

- The MOU did not prohibit or affirmatively authorize use of the phrase or Logo. Id. ¶¶ 49–53, ECF 29-2.

Taken as true, that alleges an existing dispute about present conduct, rather than a speculative dispute contingent upon a future breakdown of negotiations. Defendant's prior Iowa lawsuit (which has since been re-filed) makes the asserted threat of enforcement more concrete than a situation involving only an abstract reservation of rights. Here, Defendant sent Plaintiffs a cease-and-desist letter threatening litigation, later sued them over the same marks, has neither released its claims nor provided a covenant not to sue, and allegedly continues to maintain that Plaintiffs' current use infringes those marks. Although the parties disagree on the status of their negotiations, "the continuation or termination of [] negotiations is not dispositive with regard to the existence of an actual controversy." EchoStar Satellite LLC v. Finisar Corp., 515 F. Supp. 2d 447, 452 (D. Del. 2007) (citing MedImmune, Inc., 549 U.S. at 128). Therefore, the FAC alleges the existence of adverse legal interests between the parties, with sufficient immediacy to allege a case of actual controversy under the Declaratory Judgement Act.

## VI. CONCLUSION

For the foregoing reasons, Defendant's Motion to Dismiss is **DENIED** because Plaintiff has alleged plausibly valid grounds for use of Starbucks name and is entitled to discovery. An appropriate **ORDER** follows.

\\adu.dcn\paed\PHL-DATA\Judge_Baylson\CIVIL 26\26-2202 Workers United v Starbucks\26-2202 Memorandum re MTD.docx